**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ANTONI WILLIAM CHIAPPINI,**

    **Plaintiff,**

**v.**                                                       **Case No: 5:16-cv-355-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Social Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be affirmed.

**I.**    **BACKGROUND**

On December 13, 2012, Plaintiff filed an application for SSI, alleging disability beginning June 10, 1989. (Tr. 176). The claim was denied initially, and upon reconsideration. (Tr. 76–119). At Plaintiff's request, a hearing was held before Administrative Law Judge Douglas A. Walker ("ALJ"), who then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 16–75).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 21). At step two, the ALJ determined that Plaintiff had the following severe impairments: hearing loss, anxiety disorder, and bipolar II disorder. (Tr. 21).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21–28). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of medium work as defined in 20 C.F.R. § 416.967(c):

> The claimant requires work which is simple and unskilled, or low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might be considered simple (work with a Specific Vocational Preparation (SVP) code of three or below). The claimant can lift or carry twenty-five pounds frequently, and fifty pounds occasionally. The claimant can stand and/or walk for a total of six hours in an eight-hour workday. The claimant can sit for a total of six hours in an eight-hour workday. The claimant should avoid frequent ascending and descending of stairs. The claimant should avoid hazards in the workplace and should be restricted to a "relatively clean" work environment (low levels of pollutants and stable temperatures). The claimant can perform each of the following postural activities occasionally, balancing, stooping, crouching, kneeling, and crawling, but not the climbing of ropes or scaffolds, and of ladders exceeding six feet. The claimant has non-exertional mental limitations which substantially affect his ability to concentrate upon complex or detailed tasks, but he would remain capable of understanding, remembering, carrying out job instructions as defined earlier, and he can make work related judgments and decisions, he can respond appropriately to supervision, co-workers, and work situations, and he can deal with changes in a routine work setting. The claimant should avoid stressful situations such as working with co-workers in a team, and working directly with the public (although there may be some indirect contact). The claimant should avoid working in an environment where he would have frequent interpersonal interaction or discussion that is required with co-workers outside the normal workplace banter: The individual should work in an environment where he makes few decisions and uses little judgment. The claimant has left sided deafness, but his right-sided hearing is normal, and the claimant has no difficulties in hearing normal conversation.

(Tr. 28–36). At step four, the ALJ determined that Plaintiff has no past relevant work. (Tr. 37).

At step five, however, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are unskilled jobs that exist in significant numbers in the national economy that the Plaintiff can perform—tagger, electrode cleaner, silver wrapper, laundry sorter. (Tr. 37–38). Thus the ALJ found that Plaintiff was not disabled since December 13, 2012. (Tr. 38).

Then, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1–7). With his administrative remedies exhausted, Plaintiff filed the instant appeal. (Doc. 1).

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e.,

the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises two arguments on appeal: (1) the ALJ erred by failing to properly account for his auditory limitations in the RFC and (2) the ALJ erred by finding that Plaintiff could perform semi-skilled work.

#### A. Substantial evidence supports the RFC assessment

Plaintiff argues that the ALJ failed to comply with Social Security Ruling 96–8p, which requires the ALJ to make a function-by-function assessment in the RFC. *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96–8P (S.S.A. July 2, 1996) ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ."). Plaintiff bases this argument on the premise that the RFC, which provides that Plaintiff "has left sided deafness, but his right-sided hearing is normal, and has no difficulties in hearing normal conversation" (Tr. 28), fails to properly account for his auditory limitations. (Pl.'s Br. at 24–25). I disagree for two reasons.

First, Plaintiff fails to explain how his left side deafness affects his ability to work or what limitations the RFC fails to account for. Indeed, he does not even attempt to dispute the ALJ's explicit findings that "fortunately, [Plaintiff's hearing loss] is not noticeable in everyday conversation" and that his deafness was also not noticeable at the hearing before the ALJ. (Tr. 36). It is well settled that a plaintiff cannot simply rely on a mere diagnosis, even a diagnosis of hearing loss, to bear his or her burden of proving a disabling limitation. *See Stevens v. Astrue*, No. 3:08-CV-288-RV/EMT, 2009 WL 3112090, at *2 (N.D. Fla. Sept. 25, 2009) (noting that *even bilateral* hearing loss is insufficient in and of itself to establish a disability); *see also Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (stating that "a diagnosis or a mere showing of' 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work") (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that he [or she] is disabled, and, consequently, [the claimant] is responsible for producing evidence in support of his [or her] claim.").

And the sole piece of evidence Plaintiff presents in support of his argument is an auditory examination by William Pharo, M.S., C.C.C.A., which was conducted ten years ago when Plaintiff was still in high school. (Tr. 306–10). On a *Hearing Statement* form Pharo checked boxes indicating that "in order to proceed with educational, speech and/or language, and/or psychological *testing*," Plaintiff would need to be seated so that he can watch the examiner's face with his right ear toward the examiner, with such testing done in a quiet, well-lit room. (Tr. 309) (emphasis added). Mr. Pharo's statement simply does not contain an opinion on what functional limitations, if any, that Plaintiff may have—the statement is merely about the appropriate testing conditions

relating to Plaintiff's deafness and his high school education, which is completed almost ten years ago.  (Tr. 199–200, 306–10).

Second, substantial evidence supports the RFC regarding Plaintiff's auditory limitations. The ALJ noted that state agency expert Carlos Suarez, M.D., found that Plaintiff "had limited hearing in his left ear, but did not opine [of] *any* additional . . . communicative" limitations.  (Tr. 35, 99) (emphasis added).  The state agency audiologist, Vicki Wilman, F.A.A.A., found that Plaintiff did not meet a listing impairment and summarized a report that "indicat[ed] [Plaintiff is] deaf in [his] left ear, OK in [his] right, [and] participates in conversation readily."  (Tr. 35, 193). Notably, the ALJ gave the opinions of Dr. Suarez and Ms. Wiman great weight, "as the medical evidence of record shows the claimant has limited hearing in his left ear, but there are no other substantial physical limitations experienced by the claimant."  (Tr. 35); *Rumminger v. Astrue*, No. 2:10-CV-682-FTM-29, 2011 WL 6005286, at *8 (M.D. Fla. Nov. 4, 2011), *report and recommendation adopted,* No. 2:10-CV-682-FTM-29, 2011 WL 6004078 (M.D. Fla. Nov. 30, 2011) (citing 20 C.F.R. § 404.1527(f)(2)(i)) ("State agency medical consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if supported by the evidence in the record.").  Plaintiff does not challenge the findings of the state agency consultants or the weight that the ALJ gave their opinions.

The ALJ also summarized the findings of William E. Beaty, Ph.D., who opined that Plaintiff's ability to do work-related tasks included being able to "participate[] in conversation readily" and found upon examination that Plaintiff was "pleasant, cooperative, answered questions readily."  (Tr. 33, 344).  And Ernest J. Bordini, Ph.D., noted that Plaintiff does not wear hearing aids, that his "[s]peech was fluent, of normal rate, normal volume" with "[o]nly mild articulation difficulty," that he "understands questions and vocabulary."  (Tr. 34, 357–58).  Finally, the ALJ

noted the Plaintiff is able to "go out alone," enjoys playing computer games online with friends, watching television, and going to the movies (Tr. 30); but Plaintiff does *not* assert here that his left ear deafness affects any of these activities.

Accordingly, I submit that the RFC assessment is supported by substantial evidence.

**B. The ALJ did not err at step five**

Finally, Plaintiff argues that the ALJ erred by finding that he could perform "work which is simple and unskilled, or low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might be considered simple (work with a Specific Vocational Preparation (SVP) code of three or below)." (Tr. 28). Plaintiff concludes that as the ALJ found that Plaintiff has no past relevant work, the ALJ erred by finding that Plaintiff could perform semi-skilled work (i.e., semi-skilled work requires transferrable skills and as Plaintiff has not worked in the past, he has no transferrable skills). (Pl.'s Br. at 22–24).

But even assuming the ALJ did err by finding that Plaintiff could perform *up to* semi-skilled work with a SVP of three—and I am not saying that the ALJ did[2]—any error would be harmless, because the four jobs that the ALJ found Plaintiff could perform are all unskilled; they all have either a SVP of only one or two. *See, e.g.*, *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (finding harmless error where the ALJ did not include in the RFC an examining physician's determination that plaintiff could not be exposed to certain environmental conditions

---

[2] It is undisputed that Plaintiff has a high school education. (Tr. 37). Under 20 C.F.R. § 416.964(b)(4), the SSA "generally consider[s] that someone with these educational abilities can do semi-skilled through skilled work." *See Hunt v. Colvin*, No. 1:13-CV-01999-SKO, 2015 WL 1237408, at *19 (E.D. Cal. Mar. 17, 2015), *aff'd sub nom. CAROLYN S. HUNT, Plaintiff - Appellant, v. CAROLYN W. COLVIN, Defendant - Appellee.*, No. 15-15931, 2017 WL 59014 (9th Cir. Jan. 4, 2017) ("Section 416.964(b)(4) explains that someone with a high school education generally means that person will be able to perform semi-skilled through skilled work.").

when at least one of the occupations that the ALJ found the plaintiff could perform did not involve exposure to such conditions).

To explain, at the hearing the ALJ posed to the VE a proper hypothetical, which included all of the RFC restrictions accepted as credible by the ALJ (see *supra*). *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (noting that in order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting that though the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record). Then, based on the VE's testimony (which Plaintiff does not take issue with), the ALJ identified four jobs that exist in the national economy that Plaintiff can perform—Tagger, Electrode Cleaner, Silver Wrapper, and Laundry Sorter (the first three jobs have SVPs of one, the last has a SVP of two). TABBER (TAGGER), DICOT 794.687-058, 1991 WL 681328; ELECTRODE CLEANER, DICOT 729.687-014, 1991 WL 679734; SILVER WRAPPER, DICOT 318.687-018, 1991 WL 672757; CLASSIFIER (LAUNDRY SORTER), DICOT 361.687-014, 1991 WL 672991.

So, given Plaintiff's failure to argue (or otherwise show) that he cannot perform the unskilled jobs that the ALJ found he could perform (i.e., jobs with a SVP of only one or two), the purported error of finding that Plaintiff can also perform semi-skilled work does not matter. *See Sanchez v. Comm'r of Soc. Sec.*, No. 12–11762, 2013 WL 490029, *1 (11th Cir. Feb. 8, 2013) ("We have also declined to remand for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision.") (quoting *Ware v. Schweiker*, 651 F.2d 408, 412–13 (5th Cir. Unit A 1981)).

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ's decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**Recommended** in Ocala, Florida on February 22, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy